FILED
FEB 21 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            Deputy Clerk

ENTERED
FEB 21 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FRANK CHIEN WONG,<br><br>Debtor. | Case No. LA 03-38434 TD<br><br>Adv. No. LA 04-01312 TD<br><br>Chapter 7 |
| BARRY J. WISHART,<br><br>Plaintiff.<br><br>v.<br><br>FRANK CHIEN WONG,<br><br>Defendant. | MEMORANDUM OF DECISION<br><br>DATE: January 5, 2006<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 1345 |

This nondischargeability adversary proceeding was brought under 11 U.S.C. § 523(a)(15)[1] by the Debtor's ex-wife's state court attorney to recover fees ordered by the family court to be paid to him. The adversary was tried before me on January 5, 2006, and taken under advisement subject to a post-trial brief which has been received. John Michael Covas represented the Plaintiff Barry J. Wishart. Brian Simon

---

[1] All section references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101 through 1330. All Rule references are to the Federal Rules of Bankruptcy Procedure.

represented the Defendant, or Debtor Frank Chien Wong. Upon consideration of the evidence and the briefs, including the Plaintiff's post-trial brief, and argument of counsel, the following are my findings of fact and conclusions of law.

**FACTS**

Debtor Frank Chien Wong filed his chapter 7 bankruptcy petition on October 31, 2003. Plaintiff filed a timely nondischargeability action under § 523(a)(15) against the Debtor on January 28, 2004. Plaintiff asserts that the total amount owed to him at this time by the Debtor is $40,000 and should be nondischargeable.

On May 18, 1999, Debtor Frank Chien Wong filed a Petition for Dissolution of Marriage against Annie Ping Chian Wong (Ms. Wong). Plaintiff's Ex. 2, Annie Wong Declaration ¶2. The petition was filed in the Los Angeles Superior Court, case number BD 301 483. Ms. Wong retained Frank Wishart to represent her in the dissolution proceedings. Ms. Wong signed a retainer agreement. Plaintiff's Ex. 1.

During the course of the dissolution proceedings, the Petitioner, who is the Debtor here, was ordered to pay Mr. Wishart a portion of Ms. Wong's attorney fees. The Plaintiff introduced in evidence in this adversary trial two orders that were entered by the superior court which reflect these awards. The superior court's order entered on April 3, 2003, states:

> Petitioner shall pay directly to Respondent's attorney of record, Barry J. Wishart, as and for a contributory share of Respondent's pendente lite attorneys fees and costs, the sum of $7,500.00 payable at the rate of $500.00 per month commencing August 1, 2002, and continuing thereafter on the first day of each month until paid in full. In the event the Petitioner misses any two payments, consecutive or otherwise, the entire balance shall accelerate becoming immediately due and payable bearing legal interest thereon. A payment shall be considered missed i[f] the payment is not delivered to the Respondent on or before the fifth day of each month.

Plaintiff's Ex. 7, ¶IV. After a contempt hearing, another superior court order was entered on July 14, 2003, which states:

> The Court having received Mr. Wishart's declaration for attorney fees Order the

2

Petitioner, FRANK CHIEN WONG, to pay directly to Respondent's attorney, Barry J. Wishart, as and for attorney fees and costs associated solely with the two (2) Orders to Show Cause re Contempt, the sum of $10, 529.60. Said $10,529.60 is due and payable in full on or before October 1, 2003.

Plaintiff's Ex. 8. As set forth in the Plaintiff's trial declaration, ". . . if the obligations imposed by the orders of the Superior Court judge are discharged the burden of the orders will fall squarely on the shoulders of Annie Wong." Plaintiff's Ex. 9, 5:25--6:2. This statement is consistent with the Plaintiff's retainer agreement with Ms. Wong. Plaintiff's Ex. 1.

Plaintiff introduced in evidence the Debtor's 1994 tax returns (attached as Ex. B to Plaintiff's Ex. 2) that support an inference that the Debtor at that time was a successful consultant. On the other hand, the Debtor's Schedule I filed with his bankruptcy petition shows that the Debtor was unemployed and had no current income when he filed for bankruptcy in 2003. I take judicial notice of the Debtor's Schedule I.

During trial, the Debtor testified that he has been unemployed since June 2002. The Debtor also testified the he was diagnosed as suffering from prostate cancer in 2002 and was unable to work the following year because of cancer treatments. He testified that although he has since looked for employment in the accounting field, his search has been unsuccessful because, he has been told, he is "over qualified," and maybe because he is 56 years old. He also testified that he has not made any child support or spousal support payments. By contrast, the Plaintiff introduced no evidence to demonstrate that the Debtor had any current income or likelihood of a source of income in the foreseeable future or to contradict or undermine the Debtor's testimony.

In the end, no evidence was introduced to prove the Debtor's current financial situation except the Debtor's testimony which I found to be credible.

## DISCUSSION

**1.  The Plaintiff, as a creditor and as the Debtor's wife's state court attorney, has standing under Federal Rule of Bankruptcy Procedure 4007 to bring this § 523(a)(15) action.**

To begin, the Debtor challenged the Plaintiff's standing to bring this lawsuit. However, any creditor may file a complaint to obtain a determination of dischargeability of any debt. Rule 4007(a). A "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." Section 101(10)(A). The right to bring a proceeding under Rule 4007 turns upon the right to enforce collection of the debt at issue. Collier on Bankruptcy ¶ 4007.03 at 4007-6 (15th ed. 2005). *citing* In re Sponge, 661 F.2d 6 (2d Cir. 1981) (attorney for debtor's spouse could bring dischargeability action regarding attorney's fees considered a part of alimony).

The Debtor's trial brief raised the issue that the Plaintiff, the Debtor's former spouse's attorney, does not have standing to bring this § 523(a)(15) action. The Debtor cites three cases to support his position: In re Dollaga, 260 B.R. 493 (9th Cir. BAP 2001), In re Smith, 205 B.R. 612 (Bankr. E.D. Cal. 1997) and In re Montgomery, 310 B.R. 169 (Bankr. C.D. Cal. 2004). These cases cited by the Debtor are distinguishable from the present case. In In re Dollaga, citing In re Smith, the Bankruptcy Appellate Panel for the Ninth Circuit (BAP) held that an attorney who had represented the debtor in a state court dissolution action lacked standing to file a nondischargeability complaint under §523(a)(15). However, the instant case is distinguishable from Dollaga and Smith because of two factors.

First, the debt the Plaintiff seeks to be determined nondischargeable was not incurred by virtue of Plaintiff's employment by the Debtor; it was incurred as a result of Plaintiff's employment by the Debtor's wife who is personally liable on the Plaintiff's claim. By contrast, in Dollaga a husband and wife were joint debtors and were sued

4

for nondischargeability by the husbands' former state court dissolution lawyer. The bankruptcy court dismissed the suit for plaintiff's lack of standing. On appeal, the BAP affirmed the dismissal, ruling that the plaintiff had failed to establish a *prima facie* case for relief. In its decision, the BAP emphasized: ". . . we are not presented with, nor do we decide, the issue of whether a creditor has standing under § 523(a)(15) where the non-debtor spouse or children have liability on the creditor's claim." In re Dollaga, 260 B.R. at 497. The issue here is different from the issue presented in Dollaga. Ms. Wong, a non-bankruptcy filing ex-spouse, will be liable for the fees if the Debtor's state court-ordered debt to the Plaintiff is discharged by reason of her retainer agreement with the Plaintiff. Plaintiff's Declaration states, ". . . if the obligation imposed by the orders of the Superior Court judge are discharged the burden of the orders will fall squarely on the shoulders of Annie Wong." Ex. 9, 5:25--6:2. This potential detrimental consequence to Debtor's former spouse presents a situation that Congress clearly anticipated in § 523(a)(15) [2] which expressly offers protection to former spouses of debtors.

---

[2]Section 523(a)(15) states in pertinent part:

> A discharge . . . does not discharge an individual debtor from any debt –
> . . .
> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless –
>
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent to the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child or the debtor.

5

The Debtor also cites to footnote 7 in In re Montgomery, 310 B.R. at 178, which cites the BAP decision in In re Dollaga to support the argument that a person who is not a spouse, former spouse, or dependent of the debtor may not bring a nondischargeability complaint under § 523(a)(15). In Montgomery the issue under consideration by the bankruptcy court was whether the debtor's obligation to pay one-half of a note that was incorporated into a marital settlement agreement and state court judgment was encompassed within the discharge exception for non-support divorce debt. In light of the issue presented, footnote 7 was dicta. The bankruptcy court concluded that "[b]ecause the debt at issue 'is not of the kind' described in § 523(a)(5) and was 'incurred' by Montgomery in the course of his divorce and in connection with the Judgment, the debt is encompassed within § 523(a)(15)'s exception to discharge." In re Montgomery, 310 B.R. at 178.

In short, none of the case authority cited by the Debtor supports his challenge to the Plaintiff's standing to bring this lawsuit. Instead, the debt at issue here is based on state court orders that direct the Debtor to pay a portion of his ex-spouse's attorney's fees directly to the Plaintiff in this adversary. Because the debt was incurred for services rendered by the Plaintiff to the Debtor's ex-spouse, who will remain liable to the Plaintiff if the Debtor's liability to the Plaintiff is discharged, I conclude that the Plaintiff is a creditor who has standing under Rule 4007 to bring this § 523(a)(15) action.

**2. The Plaintiff has established a *prima facie* case for nondischargeability under § 523(a)(15).**

Plaintiff seeks a determination of nondischargeablity pursuant to 523(a)(15). The plaintiff has the initial burden under § 523(a)(15) to establish a *prima facie* case for nondischargeability by a preponderance of the evidence, i.e., (a) that the debt was incurred in the course of a divorce proceeding, (b) was imposed by a court of record in

that proceeding, and (c) does not qualify as alimony, maintenance or support within the scope of § 523(a)(5). In re Montogomery, 310 B.R. at 176, citing In re Jodoin, 209 B.R. 132, 139 (9th Cir. BAP 1997).

In the instant case, the debt is not the kind of debt described in § 523(a)(5). Pursuant to § 523(a)(5), a debt is nondischargeable if it is owed "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record . . . ." Section 523(a)(5). The debt in this case is not owed to a spouse, former spouse, or child of the debtor; it is owed to the Plaintiff, an attorney who is not a spouse, former spouse, or child of the debtor. The Plaintiff was Ms. Wong's state court attorney. The debt arose from a state court award of attorney's fees. As such, and since this debt is not of the kind described in § 523(a)(5) but it does fall squarely within the terms of § 523(a)(15), I am satisfied that the Plaintiff has established a *prima facie* case for nondischargeability.

### 3. The Debtor has the burden of proving that he does not have the ability to pay.

Since the Plaintiff has established a *prima facie* case for nondischargeability, the burden shifts to the Debtor to establish that the debt is dischargeable within the conditions set forth in subsections (A) or (B) of § 523(a)(15). In re Jodoin, 209 B.R. at 139-140. Subsections (A) and (B) of § 523(a)(15) present two exceptions to nondischargeability. Under § 523(a)(15), debts incurred in the course of a divorce proceeding are not dischargeable unless the debtor can establish either that (A) the debtor does not have the ability to pay, or (B) the benefit of discharge to the debtor outweighs the detriment of discharge to the former spouse. In re Myrvang, 232 F.3d 1116, 1119 (9th Cir. 2000). Under § 523(a)(15)(A), as applicable here, nondischargeability may be denied if "the debtor does not have the ability to pay such

7

debt from income or property of the debtor not reasonably necessary . . . for the maintenance or support of the debtor or a dependent or the debtor . . . ." Section 523(a)(15)(A). "It is the debtor and not the creditor who has the burden of persuading the bankruptcy court that a nondischargeable debt under §523(a)(15) nonetheless qualifies for discharge." In re Myrvang, 232 F.3d at 1121.

### 4. The Debtor proved that he does not have the ability to pay under § 523(a)(15)(A).

The central factual issue in the lawsuit is whether the Debtor has the ability to pay his debt to the Plaintiff. In that regard, § 523(a)(15)(A) is straightforward. Essentially, as the statute applies to the record in this case, the statute says in a convoluted fashion that a debt not described in § 523(a)(5) is not dischargeable unless the debtor does not have the ability to pay such debt from income or property of the debtor. Section 523(a)(15)(A). In other words, § 523(a)(15)(A) makes the debt dischargeable if the debtor does not have an ability to pay the debt. The appropriate time to apply the "ability to pay" test is at the time of trial and not at the time of the filing of the petition. In re Jodoin, 209 B.R. 132, 142 (9th Cir. BAP 1997). The bankruptcy court should look at the parties' relevant financial information as of the time of trial. In re Jodoin, 209 B.R. at 142. This court must look at the Debtor's past payment history and future income stream in determining his ability to pay. In re Myrvang, 232 F.3d 1116 (9th Cir. 2000).

What does the record show here? At the time of trial, the Debtor was unemployed. Although the Debtor's 1994 tax returns indicate the Debtor was a successful consultant at one point in his career, his 2003 Schedule I shows that when the Debtor filed for bankruptcy he was unemployed and had no current income. The Debtor also testified that he has been unemployed since June 2002, and that he has not made any child support or spousal support payments. The Plaintiff has failed to

Main Document   Page 9 of 12

prove that the Debtor has any income stream, currently or in the foreseeable future. The Debtor also explained that he has not found a job because of health problems, he has been told he is "over qualified," he is 56 years old, and that he is living with his father. The trial record is also devoid of any evidence that the Debtor might have any property that might be liquidated to pay the Debtor's obligation to the Plaintiff.

As the Debtor has been unemployed since 2002 and has no income or property, the Debtor has met his burden of proving that he does not have the ability to pay this debt. Therefore, the Debtor has met his burden of proving that the exception of subsection (A) to § 523(a)(15) applies and that the Plaintiff's claim of nondischargeability under § 523(a)(15) should be denied.

### 5. Plaintiff's evidence does not warrant the court making a determination under § 523(a)(15)(B), that is the "detriment test."

Pursuant to § 523(a)(15)(B), a debt is nondischargeable unless discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child or the debtor. The "disposable income" test of §1325(b)[3] has been found to be an excellent starting point for measuring a debtor's ability to pay under § 523(a)(15)(B). In re Jodoin, 209 B.R. at 142. A proper application of the disposable income test should take into account the prospective income that the debtor should earn and the debtor's reasonable expenses. Id.

The evidence in the present case shows that the Debtor has no ability to pay

---

[3]Section 1325(b)(2) defines "disposable income" as follows:

"disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended -- (A) for the maintenance or support of the debtor or a dependent of the debtor . . . and (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

9

1 the debt at issue. Only if the Debtor was shown to have an ability to pay do we need
2 to turn to §523(a)(15)(B) and analyze whether the benefit of providing the Debtor with
3 a discharge outweighs the detriment that such discharge would cause the Debtor's
4 former spouse. In re Jodoin, 209 B.R. 132 at 141 n. 24. Since the Debtor has no
5 ability to pay and § 523(a)(15)(A) and (B) are framed in the disjunctive, I do not need
6 to analyze whether the benefit of the discharge outweighs the detriment to the
7 Debtor's former spouse, Ms. Wong.
8 Even assuming that the Debtor might have some ability to pay (an inference
9 that the evidence does not support), the Plaintiff introduced no convincing evidence to
10 show that the benefit to the Debtor outweighed any detriment that Ms. Wong might
11 suffer. Although Plaintiff's retainer agreement with Ms. Wong and the Plaintiff's
12 declaration indicate that Ms. Wong would be required to pay the attorney's fees if the
13 Debtor does not pay the Plaintiff, the Plaintiff has produced no evidence to support an
14 inference that Ms. Wong would suffer greater detrimental consequences if she were
15 required to pay this debt than the Debtor would suffer, especially in light of proof that
16 the Debtor has no ability to pay. Therefore, the court finds there is no convincing
17 basis in the evidence to make a determination that Plaintiff's claim meets the
18 requirement for an exception to discharge under the provisions of § 523(a)(15)(B).
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

## CONCLUSION

The Plaintiff, as a creditor and as the Debtor's former wife's state court attorney, has standing under Rule 4007 to bring a § 523(a)(15) action. Nevertheless, the evidence presented in this case leads me to conclude that the Plaintiff has failed to prove by a preponderance of the evidence that Plaintiff is entitled to a judgment of nondischargeability in any amount.

A separate judgment herein will be entered consistent with the foregoing.

IT IS SO ORDERED.

Dated: 2/21/06

_____
THOMAS B. DONOVAN
United States Bankruptcy Judge

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST LISTED BELOW:

1. You are hereby notified that a judgment or order entitled:

**MEMORANDUM OF DECISION**

was entered on 2/21/06.

2. I hereby certify that I mailed a true copy of the order or judgment to the persons and entities listed below on 2/21/06.

Debtor/Defendant
Frank Chien Wong
278 W. Palm Drive
Arcadia, CA 91007

Attorney for Defendant
Brian P. Simon
Law Office of Brian P. Simon
11777 San Vicente Blvd., Suite 620
Los Angeles, CA 90049

Attorney for Plaintiff
John Michael Covas
1801 East Parkcourt Place, Suite E-205
Santa Ana, CA 92701-5030

Office of the U. S. Trustee
Ernst & Young Plaza
725 S. Figueroa St., 26th Floor
Los Angeles, CA 90017

Dated: 2/21/06

_____
Clerk